UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERRY DOWDY,

        Plaintiff,

vs.                                                              CASE NO.:  3:20-cv-781-HTW-LRA

DENT AIR CONDITIONING                       JURY TRIAL DEMANDED
COMPANY,

        Defendant.
_____/

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Jerry Dowdy (hereinafter "Plaintiff"), by and through the undersigned counsel, brings this action and Complaint for damages and demand for jury trial against Defendant, Dent Air Conditioning Company (hereinafter "Dent") and states as follows:

### INTRODUCTION

1.  Plaintiff brings this claim for disability discrimination and age discrimination against Defendant for its unlawful termination of Plaintiff based upon his disability or "perceived disability," and age in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA") as well as discrimination based on age in violation of the Age Discrimination in Employment Act ("ADEA").  Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

2. Plaintiff brings a claim for discrimination against Defendant, who subjected Plaintiff to workplace discrimination because of his medical condition and age.

3. Plaintiff was wrongfully terminated as the culmination of discrimination against him.

## JURISDICTION

4. This Court has original jurisdiction over Plaintiff's claims pursuant to Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Age Discrimination in Employment Act ("ADEA").

5. Venue is proper as the facts and omissions giving rise to Plaintiff's claims occurred in Hinds County, Mississippi.

6. Plaintiff is protected by the Americans with Disabilities Act of 1990, as amended, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Age Discrimination in Employment Act ("ADEA").

7. Plaintiff timely filed his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging ADA and ADEA violations. (See Exhibit "A" attached hereto).

8. Plaintiff was issued his Notice of Right to Sue on Charge No. 423-2019-01371 dated September 10, 2020.

9. Plaintiff filed this Complaint within 90 days of receiving his notice of Right to Sue.

10. Plaintiff's claims are therefore timely filed.

## PARTIES

11. Plaintiff worked for Defendant for 29 years as a heating and cooling service technician, from approximately April 7, 1990 to March 26, 2019.

12. Plaintiff is over 40 years of age.

13. Defendant, Dent Air Conditioning Company is a domestic for-profit corporation qualified and licensed to do business in Mississippi, and at all times material hereto has conducted business within this District.

14. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the ADA and ADEA.

15. At all times material to this action, Defendant was, and continues to be an "employer" within the meaning of the ADA and ADEA.

16. Defendant is also an employer as defined by the ADA and ADEA, as it employed over 15 employees for over twenty calendar weeks in each year relevant to this action.

## GENERAL ALLEGATIONS

17. Plaintiff suffered from congestive heart failure as a result of complications from pneumonia in April of 2018.

18. Plaintiff was on leave from the condition for approximately 6 months.

19. Plaintiff was released from doctor's supervision in November 2018 and allowed to return to work with no restrictions in November of 2018.

20. Dent Air Conditioning changed ownership in January 2019.

21. Shortly thereafter, Plaintiff began noticing that most of the older, tenured employees were being terminated and replaced by much younger individuals.

22. Plaintiff suffered shortness of breath while at work on February 1, 2019 and went to the hospital.

23. After thorough examination, Plaintiff was treated and released from the hospital.

24. Plaintiff returned to work as normal the following day.

25. On or around February 8, 2019, Plaintiff was called into a meeting with management and told that he should go ahead and file for disability.

26. Plaintiff advised management that he felt fine and didn't have any need to file for disability.

27. On March 26, 2019, Plaintiff was called into a meeting after his shift and Isaac Parker told him that his services were no longer needed.

28. Any reason given by Defendant for Plaintiff's termination was pretext for unlawful discrimination based on Plaintiff's perceived disability and age.

## COUNT I – VIOLATIONS OF AMERICANS WITH DISABILITY ACT

29. Plaintiff reincorporates and readopts all allegations contained within paragraphs above.

30. Plaintiff is protected by the ADA because:

a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

31. Defendant was at all material times an "employer" as envisioned and defined by the ADA.

32. Defendant saw Plaintiff's disability as an opportunity to get rid of an employee because it perceived/regarded him as disabled.

33. Defendant's actions unquestionably constitute disability discrimination in violation of the ADA.

34. Given the timing and circumstances leading to Plaintiff's termination, Defendant's actions unquestionably constitute disability discrimination in violation of the ADA.

35. Plaintiff is an individual who was fully capable of performing the essential functions of his job.

36. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

37. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same.

38. Pleading in the alternative, Plaintiff's temporary impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

39. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

40. Plaintiff was perceived as disabled by Defendant, during his employment. Therefore, he is the member of protected classes as envisioned by the ADA.

41. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of his "perceived disability".

42. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination/harassment under the ADA.

43. The discrimination to which Plaintiff was subjected was based on his "perceived disability."

44. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

45. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

46. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

## COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE ADEA

47. Plaintiff reincorporates and readopts all allegations contained within paragraphs above.

48. Defendant's actions in subjecting Plaintiff to different terms and conditions of employment – including termination – based on his age constitutes unlawful discrimination in violation of ADEA, as amended.

49. Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

50. The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of his age.

51. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost wages and benefits, for which he is entitled to recover from Defendant.

52. Plaintiff is also entitled liquidated damages, reinstatement or front pay in lieu thereof, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADEA.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(b) Reasonable attorney's fees and expenses of litigation;

(c)   Trial by jury as to all issues;

(d)   Prejudgment interest at the rate allowed by law;

(e)   Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(f)   Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(g)   Compensatory damages, including but not limited to past and continuing emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, anxiety, depression, and indignity, in an amount to be determined by a jury; and

(h)   All other relief to which he may be entitled.

Respectfully submitted the 4th day of December, 2020.

Respectfully submitted,

JERRY DOWDY, PLAINTIFF


*s/ Martin R. Jelliffe*
Martin R. Jelliffe MSB# 3067
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi  39211
Tel:  601-503-1676
Email: mjelliffe@forthepeople.com

*Counsel for Plaintiff*